UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

**CLORESE COOLEY,**
    **Plaintiff,**

vs.

**CITY OF OAKLAND PARK,
FLORIDA, a Florida municipal
corporation,**
    **Defendant.**
_____/

**COMPLAINT**

Plaintiff, Clorese Cooley ("COOLEY"), by her undersigned counsel, and pursuant to the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, *et seq.*, ("Title VII"), as well as the anti-retaliation provision thereto, 42 U.S.C. Section 2000e-3, hereby files this Complaint, against the Defendant, the City of Oakland Park, Florida; and in support hereof, the Plaintiff states as follows:

## I.
## JURISDICTION AND VENUE

1. This Court has jurisdiction of this action, pursuant to 42 U.S.C. Section 2000e-5(f), and 28 U.S.C Section 1345.

2. Venue is proper in this judicial district, under 42 U.S.C. Section 2000e-5(f)(3) and 28 U.S.C. Section 1391 (b), because it is where a substantial part of the events or omissions, giving rise to the causes of action, herein, occurred.

1

3. The Plaintiff brings this action for unlawful discrimination, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-3 (a), as well as for a claim constituting a hostile work environment, and further, for an additional claim, constituting unlawful retaliation, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-2 (a).

4. On September 21, 2021, the Equal Employment Opportunity Commission ("EEOC") issued a Right to Sue Letter with respect to Plaintiff's charge of discrimination. [A copy of the EEOC's Notice of Right to Sue Letter, is attached hereto, as **EXHIBIT A**].

5. This action in federal district court has been initiated within ninety (90)days of the issuance of the EEOC's Right to Sue Letter.

6. Plaintiff has properly satisfied all conditions precedent prior to filing this action in federal district court.

## II.
## PARTIES

7. Plaintiff, Clorese Cooley ("COOLEY), at all material times herein, was employed by the City of Oakland Park, Florida, as a staff member of the Department of Public Works, on behalf of the Defendant, the City of Oakland Park, Florida, located in Broward County, Florida.

8. Defendant, the City of Oakland Park ("CITY"), is a municipality, duly authorized to conduct business, on behalf of its residents, in Broward County, Florida, and wherein, it operates and administers the Department of Public Works, where Plaintiff herein, at all material times herein, was employed.

9. The CITY is an "employer," within the meaning of 42 U.S.C. Section 2000e(b).

10. Plaintiff is within the purview of the applicable statute; and she is subject to its protections; and hence, she is entitled to the substantive legal protections of Title VII, as amended, 42 U.S.C. Section 2000e, *et seq.*; as well as, as well as the anti-retaliation provision thereto, 42 U.S.C. Section 2000e-3.

### III.
### FACTUAL ALLEGATIONS

11. On April 1, 2021, COOLEY, as an employee of the CITY Public Works Department, was responsible for opening a certain CITY Park, namely, Royal Palm Park, located in Oakland Park, Broward County, Florida.

12. The premises of Royal Palm Park, constitutes the Plaintiff's assigned work place, as an employee of the CITY Public Works Department.

13. Upon her opening of Royal Palm Park, on April 1, 2021, Plaintiff came upon a homeless man, within the confines of the park; with no clothes, gesturing and making offensive movements, in a sexual manner.

14. Based upon the offensive acts, of a highly sexual nature, committed by the naked man, Plaintiff was subjected to a sexual assault in the workplace.

15. CITY management failed to take proper and reasonable steps, to prevent Plaintiff from being subjected, to offensive incidents/sexual assault, in the workplace.

16. Plaintiff proceeded to take a photograph of the offending individual, in order to document the incident; and then, she contacted Broward Sherriff's Office, in order to report the incident.

17. In addition, in a further effort to report the offending workplace incident, Plaintiff contacted her immediate supervisor, CITY Public Works Manager, Lisa Hill (hereinafter, referred to as, "HILL"), through several e-mail communications.

18. Shortly thereafter, Plaintiff contacted her immediate supervisor with the CITY, HILL, by telephone, stating that she felt threatened at Royal Palm Park; and that, as a result, she no longer wished to report to that location, as part of her assigned duties, with the CITY Public Works Department.

19. COOLEY informed HILL that the CITY Parks were unsafe, and that the CITY needed to take prompt remedial action, to address her internal complaint.

20. HILL responded to COOLEY, indicating that the Plaintiff should stop sending e-mail communications to management, wherein, she was complaining about the unsafe work environment.

21. Several days later, n April 6, 2021, CITY management deemed the Plaintiff to have been "insubordinate," based upon her conduct on April 1, 2021, in terms of how she conducted herself, following being subjected to the sexual assault in the workplace.

22. CITY management issued a formal reprimand against the Plaintiff, based upon her conduct on April 1, 2021, claiming insubordination, and or the manner in which she handled the offensive incident, and how she reported the egregious incident to CITY management.

23. Moreover, CITY management suspended the Plaintiff, with pay, from April 2, 2021, through April 5, 2021, based upon her conduct on April 1, 2021, the manner in which she handled the offensive incident, and how she reported the egregious incident to management.

24. Following the return of the Plaintiff to work, on April 5, 2021, COOLEY was subjected to further acts of reprisal, by management, in that the CITY performed the following acts retaliatory against the Plaintiff: (a) she was intentionally isolated from her co-workers, in the workplace, in that her office space was unjustifiably taken away, without notice; and (b) she was given a much less desirable work schedule, from 8:00 a.m. to 4:30 p.m., whereas, all similarly situated CITY Park employees continued to work from 6:30 a.m. to 3:00 p.m.

25. The CITY failed to take responsive, prompt remedial steps, to end the offensive incident/sexual assault in the workplace.

26. Following the return of the Plaintiff to work, on April 5, 2021, management took no steps to end the offensive incident/sexual assault in the workplace, in that Plaintiff was instructed to report to the same CITY Park location, with the same assigned duties, for approximately six weeks; and the only reason her job assignment was eventually changed, was because of the fact that COOLEY affirmatively made a public complaint, to the local broadcast media, regarding her work situation; and the fact that she had been subjected to a sexual assault in the workplace.

27. Based upon the inaction and acquiescence of management, COOLEY was compelled to report to the same duty station for approximately six weeks.

28. Through her union representative, the Plaintiff had filed a grievance in response to the April 1, 2021, offensive workplace incident, in accordance with the applicable collective bargaining agreement.

29. The CITY proceeded to deny the grievance, indicating the existence of bad faith conduct, since the grievance had been properly filed, pursuant to the applicable bargaining agreement, between the CITY, and the exclusive collective bargaining representative.

## COUNT I
## (VIOLATION OF TITLE VII-UNLAWFUL GENDER DISCRIMINATION)

30. Plaintiff restates and re-alleges the allegations of Paragraphs 1—29 of the Complaint, as if fully set forth herein.

31. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e)-2(a), *et seq.*, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions, and privileges of one's employment, based upon gender classifications, considerations, or gender-based reasons.

32. The Plaintiff, is a female employee, and she is entitled to the protections of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e)-2(a), *et seq.*, those protections were breached, when Plaintiff was subjected to a sexual assault in the workplace, on April 1, 2021.

33. Defendant should have known, that as a female employee, she could have been subjected to danger in the workplace, based upon her gender; and management failed to undertake reasonable steps to guard against subjecting its employees, including the Plaintiff herein, from offensive acts/sexual assault, based upon Plaintiff's gender.

34. Defendant failed to take prompt and remedial steps to end the harassment/incident of sexual assault, in the workplace; Plaintiff was compelled to continue to report to the same CITY

Park location for at least six weeks, and upon information and belief, she was not transferred from that work location, until she made a complaint to the broadcast media.

35. As a direct and proximate result of the Defendant's unlawful acts, COOLEY has suffered great and irreparable emotional harm and other associated losses.

36. Moreover, as a further result of the Defendant's unlawful religious-based conduct, the Plaintiff has been compelled to retain undersigned counsel; and he has incurred fees and costs.

> **WHEREFORE**, the Plaintiff, CLORESE COOLEY, respectfully requests that this Court enter judgment against the Defendant, the CITY OF OAKLAND PARK, and find that the Defendant indeed violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-2(a), for engaging in an unlawful act of gender-based discrimination, contrary to the law, and order the following additional relief:
>
> A) Award the Plaintiff her actual damages, including appropriate amounts of compensatory damages, based upon the resulting stress, anxiety and humiliation;
>
> B) Award the Plaintiff her costs and a reasonable attorney's fee;
>
> C) Enjoin the Defendant from continuing its discriminatory practices; and
>
> D) Grant any and all appropriate relief; which the Court deems to be just, proper, and equitable.

## COUNT II
## (UNLAWFUL RETALIATION—VIOLATION OF TITLE VII)

37. Plaintiff restates and re-alleges the allegations of Paragraphs 1—29 of the Complaint, as if fully set forth herein.

38. Plaintiff engaged in lawful *protected activity*, when she informed the CITY's supervisory personnel, that she had been subjected to a sexual assault, in the workplace on April 1, 2021, and immediately thereafter, she was subjected to impermissible retaliation by supervisory personnel, and management had no business reason or justification, for its subsequent and retaliatory acts/adverse personnel actions.

39. Following the Plaintiff's complaints of offensive conduct/ sexual assault in the workplace, was subjected to further acts of reprisal, by management, in that the CITY performed the following acts against the Plaintiff: (a) she was intentionally isolated from her co-workers in the workplace, in that her office space was taken away without notice; (b) she was given a much less desirable work schedule, from 8:00 a.m. to 4:30 p.m., whereas similarly situated City Park employees work from 6:30 a.m. to 3:00 p.m.; (c) she was formally reprimanded and (d) she was compelled to report to the same CITY Park, the CITY failed to take responsive, prompt remedial steps to end the harassment, and (d) upon information and belief, management only effectuated a change in Plaintiff's work location, after she made a public complaint about the harassment/sexual assault to the local broadcast media.

40. The predicate acts of reprisal, as stated in Paragraph 38 (a) to 38 (d) above, at a minimum, taken together, constituted an adverse employment action, intentionally perpetrated against

the Plaintiff, herein, were all undertaken, in direct violation of Title VII of the Civil Rights Act of 1964, as amended, Title VII, 42 U.S.C. Section 2000e-3 (a).

41. In this case there was a definitively a causal connection, between COOLEY's *protected activity*, and management's retaliatory conduct and or the imposition the adverse employment action.

42. The retaliation endured by COOLEY, to which she was subjected to by CITY management, would clearly dissuade a reasonable employee in her position, from making complaints of discrimination and or harassment in the workplace.

43. Due to the repeated unlawful conduct of the Defendant, the Plaintiff has retained undersigned counsel, and the Plaintiff is obligated to pay reasonable attorney's fees and costs.

**WHEREFORE**, the Plaintiff, CLORESE COOLEY, respectfully requests that this Court enter judgment against the Defendant, the CITY OF OAKLAND PARK, and find that the Defendant indeed violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-3(a), for engaging in an unlawful acts of workplace retaliation, contrary to the law, and order the following additional relief:

A) Award the Plaintiff appropriate amounts of compensatory damages, based upon the resulting stress, anxiety and humiliation;

B) Award the Plaintiff her costs and a reasonable attorney's fee;

C) Enjoin the Defendant from continuing its discriminatory practices; and

D) Grant any and all appropriate relief; which the Court deems to be just, proper, and equitable.

## COUNT III
## (VIOLATION OF TITLE VII--HOSTILE WORK ENVIRONMENT)

44. Plaintiff restates and re-alleges the allegations of Paragraphs 1—29 of the Complaint, as if fully set forth herein.

45. As a female employee of the CITY, the Plaintiff is a member of a protected group.

46. Plaintiff was subjected to a hostile work environment on April 1, 2021, in that she was subjected to a sexual assault in the workplace.

47. A singular incident of sexual assault, was so traumatic and inherently egregious in this instance, that as a result of this incident, Plaintiff was indeed subjected to the existence of a hostile work environment.

48. This highly offensive and objectionable incident, the sexual assault, was sufficient to constitute a hostile work environment, which in turn, resulted in the Plaintiff's continued suffering, from severe emotional stress, being emotionally upset, as well as humiliation and embarrassment.

49. This highly offensive and objectionable incident, the sexual assault, substantively affected protected Plaintiff's status as a female employee for the CITY's Public Work's Department.

50. This highly offensive and objectionable incident, the sexual assault, was sufficiently severe, regular and pervasive to constitute a hostile work environment and or to

significantly influence the Plaintiff, making it difficult, if not impossible to perform his regular job functions.

51. Any reasonable employee in COOLEY's position would state, on an objective basis, that he or she, was subjected to a hostile work environment, based upon being subjected to a sexual assault in the workplace.

52. Any reasonable employee in COOLEY's position would state, on a subjective basis, that he or she, was subjected to a hostile work environment, based upon being subjected to a sexual assault in the workplace.

53. As a direct and proximate result of the Defendant's unlawful acts, the Plaintiff has suffered great and irreparable emotional harm and other associated losses.

54. Moreover, because of the Defendant's impermissible gender-based conduct, and the fact that COOLEY had been subjected to a hostile work environment, based upon the sexual assault, the Plaintiff has been compelled to file this action; and she has incurred attorney's fees and costs.

**WHEREFORE**, the Plaintiff, CLORESE COOLEY, respectfully requests that this Court enter judgment against the Defendant, the CITY OF OAKLAND PARK, and find that the Defendant indeed violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-2(a), for engaging in an unlawful act of gender-based discrimination, contrary to the law, and order the following additional relief:

A) Award the Plaintiff actual damages, including appropriate amounts compensatory damages, as applicable, resulting from untoward stress, anxiety and humiliation;

B) Award the Plaintiff her costs and a reasonable attorney's fee;

C) Enjoin the Defendant from continuing its discriminatory practices; and

D) Grant any and all appropriate relief; which the Court deems to be just, proper, and equitable.

## Demand for Jury Trial

The Plaintiff demands trial by jury of all issues so triable.

Respectfully submitted,

Mark J. Berkowitz, P.A.
Attorney for Plaintiff
One Ten Tower
110 S.E. 6th Street
Suite 1700
Ft. Lauderdale, Florida 33316
(954) 527-0570 Telephone
(954) 281-5881 Telecopier
E-Mail: labor@markjberkowitz.com
Fla. Bar No. 369391

/s/ Mark J. Berkowitz
By: Mark J. Berkowitz

Dated on this 15th day of November, 2021.